Harvard Steel Sales, LLC v Bain (2021 NY Slip Op 02742)





Harvard Steel Sales, LLC v Bain


2021 NY Slip Op 02742


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Acosta, P.J., Manzanet-Daniels, Moulton, Scarpulla, JJ. 


Index No. 451398/19 Appeal No. 13757 Case No. 2020-03413 

[*1]Harvard Steel Sales, LLC, Plaintiff-Appellant,
v
Daniel Bain, Defendant-Respondent.


Garvey Law PC, Buffalo (Matthew J. Garvey of counsel), for appellant.
Goldberg Segalla LLP, Buffalo (Anthony M. Kroese of counsel), for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered June 25, 2020, which granted defendant's motion to dismiss the complaint under CPLR 3211(a)(4), unanimously reversed, on the law, without costs, and the motion denied.
The motion court improvidently dismissed this action under CPLR 3211(a)(4), in favor of a previously-filed federal action brought by defendant Daniel Bain's companies, Galvstar Holdings LLC and DSB Holdings LLC, against plaintiff Harvard Steel Sales, LLC (Harvard) and Harvard's owner, Jeremy Jacobs. There is not a substantial identity of claims between the two actions. While both actions involve the same steel-galvanizing agreement, this action relates to Bain's alleged fraudulent misrepresentations to induce Harvard to enter into the steel-galvanizing agreement, whereas the federal action relates to Harvard's alleged participation in an attempted takeover of Galvstar, as well as breach of its obligations under the steel-galvanizing agreement and a related joint venture agreement. In this action, Harvard seeks to recover losses it incurred as a result of its execution of the steel-galvanizing agreement. Conversely, in the federal action, Galvstar Holdings and DSB Holdings sought damages for Harvard and Jacobs' breach of the steel-galvanizing agreement and the joint venture agreement as well as Harvard and Jacobs' participation in the attempted takeover of Galvstar LLC.
Bain's reliance on Harvard's 14th affirmative defense in the federal action is unavailing because that affirmative defense is no longer viable in light of the dismissal of the corresponding breach of contract claim and it did not entitle Harvard to the affirmative relief it now seeks (see Viafax Corp. v Citicorp Leasing, Inc., 54 AD3d 846, 849 [2d Dept 2008]). Moreover, although the federal action was filed first, the subsequent dismissal of the federal case weighs in favor of maintaining this action (see L-3 Communications Corp. v SafeNet, Inc., 45 AD3d 1, 7-8 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021