| |
|---|
| **Fernandez v Rite Aid of N.Y., Inc** |
| 2023 NY Slip Op 34567(U) |
| December 28, 2023 |
| Supreme Court, New York County |
| Docket Number: Index No. 190139/2021 |
| Judge: Adam Silvera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. ADAM SILVERA          PART          **13**

*Justice*

------------------------------------------------------------------X

NICOLE FERNANDEZ,

                  Plaintiff,

            - v -

RITE AID OF NEW YORK, INC, RITE AID OF NEW YORK
CITY, INC, WALGREEN EASTERN CO.,
INC.,INDIVIDUALLY AND AS SUCCESSOR IN INTEREST
TO RITE-AID., JOHNSON & JOHNSON, JOHNSON &
JOHNSON CONSUMER COMPANIES, INC.,KOLMAR
LABORATORIES, INC.,

                Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 190139/2021 |
| MOTION DATE | 10/10/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 13, 14, 15, 16, 17, 18, 19, 20, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36

were read on this motion to/for                   DISMISS               .

Upon the foregoing documents, it is ordered that defendants' motion to dismiss this action, pursuant to CPLR § 3211(a)(4), arguing that there is a prior pending action, is denied in accordance with the decision below.

In this asbestos action, plaintiff, Nicole Fernandez, has two actions pending against defendants Johnson & Johnson and Johnson & Johnson Consumer Companies Inc. (collectively, defendants "J&J") for illness caused by her use of defendants' talcum powder products and related product liability claims. Moving defendants argue that the cases are substantially similar pursuant to CPLR § 3211(a)(4), and that the instant action in New York is the later filed action such that it should be dismissed in favor of the earlier pending action in the District of New Jersey. *See* Memorandum of Law in Support of Johnson & Johnson and Johnson & Johnson

190139/2021 FERNANDEZ, NICOLE vs. RITE AID OF NEW YORK, INC ET AL
Motion No. 001

Page 1 of 4

Consumer Inc.'s Motion to Dismiss, p. 1-2.

Plaintiff opposes on the basis that she was unaware of the filing status of the New Jersey matter and had no indication that she was already being represented by the counsel involved in that matter. *See* Affirmation in Opposition to Defendant Johnson & Johnson's Motion to Dismiss, p. 2-4. Ms. Fernandez was under the impression that she did not have counsel at the time that she contacted plaintiff's current counsel herein, who then initiated the instant matter in New York. *Id.* Furthermore, plaintiff's counsel herein has affirmed that it has directly attempted to resolve the misunderstanding with prior counsel but have been unable to do so. *Id.*

Defendants J&J, along with reiterating CPLR § 3211(a)(4), further argue that they would be "severely prejudiced" by the denial of this motion because "they will be forced to litigate two identical lawsuits in two different venues simultaneously." *See* Reply Memorandum of Law in Support of Johnson & Johnson and Johnson & Johnson Consumer Inc.'s Motion to Dismiss, p. 4.

The "[C]ourt has broad discretion in determining whether an action should be dismissed pursuant to CPLR 3211(a)(4) on the ground that there is another action pending". *Scottsdale Ins. Co. v Indemnity Ins. Corp. RRG*, 110 AD3d 783, 784 (2nd Dep't 2013). In fact, CPLR § 3211(a)(4) explicitly states that "the court need not dismiss upon this ground but may make such order as justice requires". Further, the Appellate Division has held that "[w]here there is a prior action pending in another State and there is a question as to whether the parties can be afforded full relief therein, the preferred course is to stay the New York action pending a final determination of the prior action". *Lawler v TropWorld Casino & Entertainment Resort*, 238 AD2d 383, 383-384 (2nd Dep't 1997).

Here, the Court finds that plaintiff was not adequately advised of and involved in the New Jersey matter due to her clear misunderstanding about whether she was represented by

counsel. Plaintiff's counsel herein has further indicated that counsel in the earlier matter have been uncooperative in allowing a substitution of counsel, delaying the resolution of the prior matter. It is axiomatic that a litigant is entitled to hire the attorney of their choice. Plaintiff has clearly indicated herein that she has retained counsel in this action. Plaintiff has further indicated that she intends to litigate only the instant matter and to dismiss the one pending in New Jersey. *See* Affirmation in Opposition, *supra*, p. 4. Intended dismissal of the other matter is sufficient to defeat defendants J&J's motion. *See cf. Harvard Steel Sales, LLC v Bain*, 194 AD3d 407, 408 (1st Dep't 2021) ("although the federal action was filed first, the subsequent dismissal of the federal case weighs in favor of maintaining this action"). Moreover, plaintiff has confirmed that no discovery has proceeded in the earlier filed action and no steps have been taken in such earlier filed case after filing of the complaint which was over three years ago. This clearly demonstrates that defendants J&J will not be "forced to litigate two identical lawsuits" as they have not been required to litigate the earlier one at all, and plaintiff plans to dismiss it entirely.

Based on the facts presented herein and the Court's discretion under CPLR § 3211(a)(4), defendants J&J's motion is denied, and the instant matter is stayed pending the dismissal of the New Jersey case. While moving defendants argue that a denial of the instant motion is prejudicial and prevents them from bringing another motion under CPLR § 3211(a)(4), upon the instant case's resumption, the former matter will have been dismissed and moving defendants will be free to move for summary judgment or to dismiss on any other grounds they should find applicable.

Accordingly, it is

ORDERED that defendants J&J's motion to dismiss is denied in its entirety; and it is further

**190139/2021 FERNANDEZ, NICOLE vs. RITE AID OF NEW YORK, INC ET AL**
**Motion No. 001**

**Page 3 of 4**

ORDERED that within 30 days of entry plaintiff shall serve all parties with a copy of this Decision/Order with notice of entry.

This constitutes the Decision/Order of the Court.

| **12/28/2023** | | | | |
|---|---|---|---|---|
| **DATE** | | | ADAM SILVERA, J.S.C. | |

CHECK ONE: ☐ CASE DISPOSED    ☒ NON-FINAL DISPOSITION

☐ GRANTED    ☒ DENIED    ☐ GRANTED IN PART    ☐ OTHER

APPLICATION: ☐ SETTLE ORDER    ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE

190139/2021   FERNANDEZ, NICOLE vs. RITE AID OF NEW YORK, INC ET AL
Motion No. 001

Page 4 of 4

4 of 4

[* 4]